UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA O.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 20cv759-LL<br><br>**ORDER GRANTING JOINT STIPULATION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. §2412(d))**<br><br>**[ECF No. 15]** |

Currently before the Court is the parties' joint motion for award of $3,284.06 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. ECF No. 15.

"The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds 'that the position of the United States was substantially justified or that special circumstances make an award unjust.' Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (quoting 28 U.S.C. § 2412(d)(1)(A)). The request for attorney's fees must be made within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). The court determines the amount of a reasonable attorney's fee under the EAJA by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.

Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012). Attorney fees under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit sets statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living. Statutory Maximum Rates Under the Equal Access to Justice Act, United States Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited November 17, 2020) (citing 28 U.S.C. § 2412 (d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6).

Here, Plaintiff is the prevailing party and has timely requested attorney's fees. The Court had granted the parties' joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g), which makes Plaintiff the prevailing party. Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." (citing Shalala v. Schaefer, 509 U.S. 292, 301–02 (1993))). Final judgment was entered on October 19, 2020 and the instant joint motion was filed less than thirty days later on November 12, 2020. ECF Nos. 14, 15.

The Court finds the requested fees are reasonable. The parties request a total of $3,284.06 in attorney's fees for sixteen hours of work at a rate of $205.25 per hour. ECF No. 15-4. Plaintiff's counsel attached an itemized invoice of the time she spent on each task billed. Id. The Court finds that Plaintiff's counsel's hourly rate is within the statutory maximum set by the Ninth Circuit and is thus reasonable. The Court also finds that sixteen

/ / /

/ / /

/ / /

/ / /

hours is a reasonable amount of time for the work performed. Accordingly, the Court **GRANTS** the parties' joint motion, subject to the terms of the parties' joint stipulation [ECF No. 15], and awards attorney's fees in the amount of $3,284.06.

**IT IS SO ORDERED**.

Dated:  November 17, 2020

Honorable Linda Lopez
United States Magistrate Judge